ARTURO ÁNGEL BURGA, SBN 281057
BURGA LAW FIRM, PC
8331 Utica Avenue, Suite 100
Rancho Cucamonga, California 91730
P. 909 538-8320
F. 909 538-8322
Email: art@burgalaw.com

Attorney for Petitioner
LUIS MARTIN GONZALEZ GONZALEZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LUIS MARTIN GONZALEZ GONZALEZ,[1]<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, Warden and Facility Administrator, Adelanto ICE Processing Center; THOMAS GILES, Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; each in his official capacity,<br><br>Respondents. | Case No. 5:26-cv-__________<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241) AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; REQUEST FOR ORDER TO SHOW CAUSE (28 U.S.C. § 2243)**<br><br>**IMMEDIATE RELEASE REQUESTED**<br><br>Immigration Detention — Adelanto ICE Processing Center<br><br>A-Number: 222-570-776 |

Petitioner Luis Martin Gonzalez Gonzalez ("Petitioner" or "Mr. Gonzalez"), through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 and alleges as follows:

---

[1] Petitioner is also known as "Marcus Louis Gonzalez."

## I. INTRODUCTION

1. Mr. Gonzalez is a 55-year-old native and citizen of Mexico who has lived in the United States since 1996—approximately thirty years. He has no criminal history of any kind. For more than twenty years he has worked at Tri City Car Wash in Victorville, California, where he serves as the manager responsible for supervising the business's crew of workers.

2. On the morning of October 7, 2026, at approximately 7:00 a.m., Mr. Gonzalez left his home in Apple Valley and was driving to work when U.S. Immigration and Customs Enforcement ("ICE") officers pulled him over on Hesperia Road. The officers had no warrant for his arrest. They took him into custody and transferred him to the Adelanto ICE Processing Center, where he remains detained.

3. Since his arrest, Respondents have not made any individualized custody determination, have not issued Petitioner a Form I-286, Notice of Custody Determination, and have not afforded him a bond hearing before an Immigration Judge. On information and belief, Respondents are holding Petitioner as a purported "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), pursuant to DHS's July 2025 detention policy.

4. That position is foreclosed in this Circuit. In *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit held that noncitizens

present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under § 1225(b)(2)(A); their detention, if any, is governed by 8 U.S.C. § 1226(a), which requires an arrest warrant, an individualized custody determination, and access to a bond hearing.[2]

5. This case is materially indistinguishable from *Terrones Dominguez v. Janecka*, No. 5:26-cv-04540-BFM, ECF No. 9 (C.D. Cal. Aug. 31, 2026) (Ex. A), in which this Court granted habeas relief and ordered the immediate release of a long-term resident who—like Mr. Gonzalez—was arrested without a warrant while going about her daily routine, was taken to Adelanto, and was held without an initial custody determination or bond hearing. The Court there held that, because the petitioner's detention "has been unlawful from the outset," "the 'most appropriate remedy for this violation would be to return Petitioner to the previous status quo by releasing her from detention.'" *Id.* at 7, 10 (quoting *Reyes v. Santacruz, Jr.*, No. ED CV 26-3394-E, 2026 WL 2069974, at *2 (C.D. Cal. July 13, 2026)).

6. Mr. Gonzalez respectfully asks the Court to do the same here: declare his detention unlawful and order his immediate release on reasonable conditions.

---

[2]On September 23, 2026, a judge of the Ninth Circuit called for a vote on whether to rehear *Rodriguez Vazquez* (decided July 30, 2026, No. 25-6842) en banc. As of the date of filing, no order granting rehearing en banc has issued, and the published panel opinion remains binding precedent in this Circuit. Petitioner also notes, in candor, that the Supreme Court has granted certiorari on the same statutory question in *Rhoney v. Barbosa da Cunha*, No. 26-104. A grant of certiorari does not alter the binding effect of Ninth Circuit precedent.

## II. CUSTODY

7. Petitioner is in the physical custody of Respondents at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301. He is under the direct control of Respondents and their agents.

## III. JURISDICTION

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241(c)(3) because Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." The Court also has jurisdiction under 28 U.S.C. § 1331 (federal question); Article I, Section 9, Clause 2 of the United States Constitution (Suspension Clause); and may grant declaratory relief under 28 U.S.C. §§ 2201–2202.

9. Nothing in the Immigration and Nationality Act ("INA") strips this Court of jurisdiction. Petitioner does not challenge any decision to commence proceedings, adjudicate a case, or execute a removal order, and therefore 8 U.S.C. § 1252(g) does not apply. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (construing § 1252(g) narrowly). Nor does 8 U.S.C. § 1252(b)(9) bar review of a challenge to the legality of detention itself. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018) (plurality opinion). And 8 U.S.C. § 1226(e) does not bar review of the statutory and constitutional framework under which Respondents purport to detain Petitioner. Federal district courts routinely exercise §

2241 jurisdiction over precisely these claims. *See, e.g., Terrones Dominguez*, Ex. A; *Rodriguez Vazquez*, 183 F.4th 1160.

## IV. VENUE

10. Venue is proper in the Central District of California, Eastern Division, because Petitioner is confined at the Adelanto ICE Processing Center in San Bernardino County, within this District and Division, and because his immediate custodian, Respondent Janecka, is located here. *See* 28 U.S.C. §§ 84(c), 2241(a), (d); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Venue is also proper under 28 U.S.C. § 1391(e) because Respondents are officers of the United States sued in their official capacities and a substantial part of the events giving rise to the claims occurred in this District.

## V. PARTIES

11. **Petitioner Luis Martin Gonzalez Gonzalez** (A-Number 222-570-776) is a native and citizen of Mexico, born July 22, 1971. He has resided in the United States since 1996 and, before his arrest, lived in Apple Valley, California. He is currently detained at the Adelanto ICE Processing Center.

12. **Respondent James Janecka** is the Warden and Facility Administrator of the Adelanto ICE Processing Center. He is Petitioner's immediate physical custodian and is sued in his official capacity.

13. **Respondent Thomas Giles** is the Field Office Director of the Los Angeles Field Office of ICE Enforcement and Removal Operations, which has jurisdiction over the Adelanto ICE Processing Center. He is Petitioner's legal custodian with authority to release him and is sued in his official capacity.

14. **Respondent David Venturella** is the Acting Director of ICE. He is responsible for ICE's detention policies and operations and is sued in his official capacity.

15. **Respondent Markwayne Mullin** is the Secretary of the U.S. Department of Homeland Security ("DHS"). He is responsible for the administration and enforcement of the immigration laws, 8 U.S.C. § 1103(a), and is sued in his official capacity.

16. **Respondent Todd Blanche** is the Attorney General of the United States. He oversees the Executive Office for Immigration Review, including the immigration courts and the Board of Immigration Appeals ("BIA"), and is sued in his official capacity.

## VI. STATEMENT OF FACTS

### A. Mr. Gonzalez's Thirty Years in the United States

17. Mr. Gonzalez was born in Mexico on July 22, 1971. He came to the United States in or about 1996 and has lived here continuously for approximately thirty years. His manner of entry was without inspection.

18. Mr. Gonzalez is single and has no children. He has no criminal record—no convictions, no pending charges, and, on information and belief, no arrests. He has never been previously removed or ordered removed, and he has no prior immigration applications or petitions.

19. For more than twenty years, Mr. Gonzalez has worked at Tri City Car Wash, located at 12441 Hesperia Road, Suite 9, Victorville, California 92395. He is the manager of the car wash and supervises its workers. The owner of the business, Brian Hwang, describes him as an "extremely valued member of our business and our work family," a manager who has "demonstrated an extraordinary level of dedication, dependability, and commitment," and someone the business has "been able to depend on year after year." Ex. B (Letter of Brian Hwang, Oct. 14, 2026). Mr. Hwang states that Mr. Gonzalez "has reported to work consistently," that he is "not aware of him ever having a criminal history," and that his absence "has already had a significant impact on our employees and on the operation of our business." *Id.*

**B. The Warrantless Arrest on October 7, 2026**

20. On October 7, 2026, at approximately 7:00 a.m., Mr. Gonzalez left his home in Apple Valley and drove toward Victorville to begin his workday at Tri City Car Wash.

21. While he was driving on Hesperia Road, ICE officers pulled over his vehicle and took him into custody.

22. The ICE officers did not have, and did not present, a warrant for Mr. Gonzalez's arrest. On information and belief, no Form I-200, Warrant for Arrest of Alien, had been issued for Mr. Gonzalez at the time of the arrest.

23. On information and belief, the arresting officers made no finding—and had no basis to believe—that Mr. Gonzalez was "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(ii). Mr. Gonzalez was a thirty-year resident with a fixed home, on his way to a job he has held for more than two decades.

## C. Detention Without a Custody Determination or Bond Hearing

24. Following his arrest, ICE transferred Mr. Gonzalez to the Adelanto ICE Processing Center, where he has been detained since October 7, 2026.

25. On information and belief, DHS has issued a Notice to Appear charging Mr. Gonzalez as removable and placing him in removal proceedings under 8 U.S.C. § 1229a before the Adelanto Immigration Court. His next hearing is scheduled for November 4, 2026.

26. Since his arrest, no DHS officer has made an individualized custody determination concerning Mr. Gonzalez, as required by 8 C.F.R. §§ 236.1(c)(8) and 287.3(d). He has not been served with Form I-286, Notice of Custody Determination, and he has not been afforded a bond hearing before an Immigration Judge.

27. On information and belief, Respondents are detaining Mr. Gonzalez under 8 U.S.C. § 1225(b)(2)(A), on the theory that he is an "applicant for admission" subject to mandatory detention, pursuant to DHS's July 2025 policy directing that noncitizens present without admission be treated as ineligible for bond. As this Court has found, that policy "specifically instructs ICE agents against issuing any 'Form I-286, Notice of Custody Determination' to noncitizens like Petitioner." Ex. A at 9 (quoting *Garcia-Maya v. Mattos*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026)).

28. No DHS official or Immigration Judge has found that Mr. Gonzalez poses a danger to the community or a risk of flight. He poses neither.

29. Each day of detention separates Mr. Gonzalez from his home, deprives him of his livelihood, and deprives the business he manages—and the workers he supervises—of his leadership.

## VII. LEGAL FRAMEWORK

### A. Section 1226(a) Governs the Detention of Noncitizens Arrested in the Interior

30. Section 1226(a) "sets out the general rule" for the arrest, detention, and release of noncitizens present in the country who are believed to be subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). Under § 1226(a), DHS may arrest and detain a noncitizen "[o]n a warrant issued by the Attorney General." 8

U.S.C. § 1226(a). Unless the noncitizen is subject to mandatory detention based on enumerated criminal grounds under § 1226(c), DHS has "the discretion either to detain the [noncitizen] or to release him on bond or parole." *Preap*, 586 U.S. at 396.

31. The implementing regulations require that, after arrest, a DHS officer make an initial custody determination, and permit release where the noncitizen "demonstrates to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8); *see* 8 C.F.R. § 236.1(c)(8). The noncitizen may then seek review of that determination before an Immigration Judge, 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1); may appeal to the BIA; and may seek a new hearing upon a material change in circumstances, 8 C.F.R. § 1003.19(e).

32. As the Ninth Circuit has explained, "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022).

**B. Warrantless Immigration Arrests Are the Narrow Exception**

33. Congress authorized warrantless civil immigration arrests only in narrow circumstances. An immigration officer may arrest a noncitizen without a warrant only if the officer "has reason to believe" that the person is in the United States in violation of law "and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216 (9th Cir. 1995) (§ 1357(a)(2) requires a reasonable belief that the noncitizen is likely to escape before a warrant can be obtained).

34. DHS's own regulations are to the same effect: "A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii).

35. When a warrantless arrest occurs, DHS must make a determination "within 48 hours of the arrest . . . whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued." 8 C.F.R. § 287.3(d).

36. An agency is bound to follow its own regulations, particularly where those regulations protect individual liberty. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

### C. The Ninth Circuit Has Rejected DHS's Mandatory-Detention Theory

37. In July 2025, DHS abandoned its decades-long practice of treating noncitizens apprehended in the interior as detained under § 1226(a), and began treating all noncitizens present without admission as subject to mandatory detention under § 1225(b)(2)(A). The BIA adopted that position in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that Immigration Judges lack authority to hear bond requests from noncitizens present without admission.

38. A judge of this Court declared that policy unlawful as applied to members of a certified class. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025); *see also Bautista v. Santacruz*, 820 F. Supp. 3d 1016, 1033 (C.D. Cal. 2026) (finding that the Government's noncompliance with court orders requiring § 1226(a) bond hearings led to "detention without due process").

39. On July 30, 2026, the Ninth Circuit held that § 1225(b)(2)(A) is best construed as applying to noncitizens seeking entry at the border, and that noncitizens present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under that provision. *Rodriguez Vazquez*, 183 F.4th 1160. The court explained that the Government's contrary reading results in surplusage, is inconsistent with ordinary usage, is in significant tension with *Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020) (en banc), and cannot be squared with the

conclusion that Congress would not have effected such a sweeping change through an oblique cross-referenced deeming provision. *Id.*

40. *Rodriguez Vazquez* is binding on this Court. Under it, Mr. Gonzalez—a thirty-year resident apprehended on a public road in San Bernardino County, far from any border or port of entry—cannot lawfully be detained under § 1225(b)(2)(A). Whatever authority Respondents have to detain him arises, if at all, under § 1226(a), with all of its procedural protections. And if Mr. Gonzalez was ever lawfully admitted, § 1225(b)(2)(A) is inapplicable for that reason as well.

## VIII. EXHAUSTION

41. No statute requires Petitioner to exhaust administrative remedies before seeking habeas relief under § 2241. Any exhaustion requirement is prudential, and it is excused where administrative remedies are inadequate or futile, or where the petitioner would suffer irreparable harm. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004); *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

42. Exhaustion is futile here. Under *Yajure Hurtado*, which remains binding on Immigration Judges, an Immigration Judge would decline jurisdiction over any bond request by Petitioner. Moreover, Petitioner was never issued a Form I-286—the mechanism through which a detainee ordinarily requests an Immigration Judge's review. As this Court has held, a later bond hearing "is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous

with, the initial decision to strip" a noncitizen of his freedom, and a petitioner need not "seek reconsideration of a decision never made, based on a process that was not made available to him." Ex. A at 8–9 (internal quotation marks omitted). Every day of unlawful detention also inflicts irreparable harm.

## IX. CLAIMS FOR RELIEF

### COUNT ONE

### Detention in Violation of 8 U.S.C. § 1226(a) and Its Implementing Regulations

43. Petitioner realleges and incorporates by reference all preceding paragraphs.

44. Because Petitioner was apprehended in the interior of the United States approximately thirty years after his arrival, his detention is governed exclusively by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). *Rodriguez Vazquez*, 183 F.4th 1160.

45. Respondents have not afforded Petitioner the process that § 1226(a) and its implementing regulations require: they arrested him without a warrant; they made no initial custody determination; they issued no Form I-286; and they have provided no bond hearing before a neutral decisionmaker. *See* 8 C.F.R. §§ 236.1(b), (c)(8), (d)(1); 1003.19; 1236.1(c)(8), (d)(1).

46. Petitioner's detention is therefore unlawful "from its inception because ICE detained him under the wrong statute and without affording him any notice or process whatsoever, much less the procedures due under Section 1226(a)." Ex. A at

8 (quoting *Garcia-Maya*, 2026 WL 1965886, at *8 (quoting* Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025))). He is "in custody in violation of the . . . laws . . . of the United States," 28 U.S.C. § 2241(c)(3), and is entitled to release.

**COUNT TWO**

**Warrantless Arrest and Failure to Make a Custody Determination in Violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. §§ 287.3(d) and 287.8(c)(2)(ii)**

47. Petitioner realleges and incorporates by reference all preceding paragraphs.

48. Respondents arrested Petitioner without a warrant. On information and belief, the arresting officers had no reason to believe that Petitioner was likely to escape before a warrant could be obtained, and they made no such determination. The arrest therefore exceeded the authority conferred by 8 U.S.C. § 1357(a)(2) and violated 8 C.F.R. § 287.8(c)(2)(ii).

49. Respondents further failed to make, within 48 hours of the warrantless arrest, a determination whether Petitioner would be continued in custody or released on bond or recognizance, as required by 8 C.F.R. § 287.3(d).

50. Respondents are bound by their own regulations. *Accardi*, 347 U.S. at 268. Petitioner's continued detention, resting on an unauthorized arrest and the disregard of mandatory custody procedures, is unlawful.

## COUNT THREE

### Violation of the Due Process Clause of the Fifth Amendment

51. Petitioner realleges and incorporates by reference all preceding paragraphs.

52. The Due Process Clause of the Fifth Amendment forbids the Government from depriving any "person" of liberty without due process of law. U.S. Const. amend. V. Freedom from imprisonment lies at the heart of the liberty that Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Noncitizens who are found away from the border well after their arrival are protected from arbitrary detention under the Due Process Clause. *See Padilla v. U.S. Immigr. & Customs Enf't*, No. 24-2801 (9th Cir. Sept. 21, 2026).

53. Due process requires that immigration detention bear a "reasonable relation" to its non-punitive purposes—ensuring appearance at proceedings and protecting the community. *Zadvydas*, 533 U.S. at 690 (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 1226(a) and its implementing regulations exist to ensure that the Government detains noncitizens only where detention advances those purposes. By denying Petitioner those protections, Respondents "created an unacceptably high risk that Petitioner's detention is not justified on danger or flight risk grounds," and that he is detained "based solely on DHS's mistake with respect to the law that governed his detention." Ex. A at 6.

54. Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), each factor favors Petitioner. His private interest in freedom from physical confinement is the most fundamental liberty interest there is. The risk of erroneous deprivation is extreme where, as here, he has received no process at all—no warrant, no custody determination, and no hearing. And the Government has no legitimate interest in detaining a thirty-year resident with no criminal record and two decades of steady employment without any individualized finding that he presents a flight risk or danger.

55. Petitioner's detention without any individualized determination violates the Due Process Clause.

///

///

///

///

## X. RELEASE IS THE APPROPRIATE REMEDY

56. "[T]he purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). Because Petitioner's detention has been unlawful from the outset, the appropriate remedy is to restore the

status quo ante by releasing him. *Terrones Dominguez*, Ex. A at 7, 10; *Reyes*, 2026 WL 2069974, at *2.

57. An order merely directing a belated bond hearing would not cure the violation. As this Court has explained, § 1226(a)'s protections include "(1) the requirement that DHS generally obtain a warrant, issued following supervisory review, to arrest a noncitizen; (2) an initial custody determination by a DHS officer shortly after the noncitizen's arrest; (3) if the noncitizen is not released at the initial custody determination, the right to seek review before an IJ at a bond hearing; (4) the right to appeal an adverse IJ bond ruling to the BIA and to seek federal court review in habeas; and (5) the right to seek a new bond hearing before an IJ based on changed circumstances." Ex. A at 8. Petitioner was denied every one of those protections.

58. This Court and others in this Circuit have repeatedly ordered release in these circumstances. *See* Ex. A at 7, 10–12 (collecting cases); *Nunez-Santillan v. Warden Desert View Facility*, No. 5:26-cv-01171-AB-PD, 2026 WL 795475, at *1* *(C.D. Cal. Mar. 19, 2026);* Reyes*, 2026 WL 2069974, at* 2.

59. The equities here are even stronger than in *Terrones Dominguez*. Mr. Gonzalez has lived in this country for approximately thirty years, has no criminal history, and has been continuously employed by the same business for more than two decades, where he holds a position of trust supervising other workers. He has a

fixed residence in Apple Valley and an employer who has committed in writing to his reliability. There is no basis on which Respondents could show that he presents a danger to the community or a risk of flight.

## XI. REQUEST FOR ORDER TO SHOW CAUSE

60. Under 28 U.S.C. § 2243, a court entertaining a habeas application must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted," and the writ or order to show cause must be returned within three days unless the court, for good cause, allows additional time not exceeding twenty days. Petitioner respectfully requests that the Court promptly issue an Order to Show Cause and set an expedited return date.

## XII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause directing Respondents to show cause within three days why the writ should not be granted, 28 U.S.C. § 2243;

(3) Declare that Petitioner's arrest and detention violate 8 U.S.C. §§ 1226(a) and 1357(a)(2), their implementing regulations, and the Due Process Clause of the Fifth Amendment;

(4) Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately on reasonable conditions, and to file a status report confirming release within three days of release;

(5) In the alternative, order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) before an Immigration Judge within seven days, at which the Government bears the burden of justifying continued detention by clear and convincing evidence, and order his release if such a hearing is not timely held;

(6) Enjoin Respondents from transferring Petitioner outside the Central District of California while this Petition is pending;

(7) Enjoin Respondents from re-detaining Petitioner following his release absent compliance with 8 U.S.C. § 1226(a) and its implementing regulations, including an individualized determination and advance notice to counsel;

(8) Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable law; and

(9) Grant such other and further relief as the Court deems just and proper.

Dated: October 14, 2026 Respectfully submitted,

BURGA LAW FIRM, PC

/s/ Arturo Ángel Burga
ARTURO ÁNGEL BURGA
Attorney for Petitioner

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I, Arturo Angel Burga, declare as follows:

I am an attorney licensed to practice in the State of California and am counsel for Petitioner Luis Martin Gonzalez Gonzalez. I submit this verification on Petitioner's behalf because he is detained at the Adelanto ICE Processing Center.[3] I have read the foregoing Petition. The facts stated in it are true to the best of my knowledge, information, and belief, based on my communications with Petitioner's employer and others acting on his behalf, my firm's records, and publicly available ICE detention information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2026, at Rancho Cucamonga, California.

/s/ Arturo Ángel Burga
ARTURO ÁNGEL BURGA

[3]Petitioner has not yet been able to sign a declaration because he is detained. Counsel verifies this Petition on Petitioner's behalf pursuant to 28 U.S.C. § 2242, based on information obtained from Petitioner's employer, the firm's intake records, and the ICE Online Detainee Locator. Petitioner will supplement the record with his own declaration.

## INDEX OF EXHIBITS

Ex. A *Terrones Dominguez v. Janecka*, No. 5:26-cv-04540-BFM, ECF No. 9 (C.D. Cal. Aug. 31, 2026) (Order Granting Petition)

Ex. B Letter of Brian H. Wang, Owner, Tri City Car Wash (Oct. 8, 2026)

Ex. C ICE Online Detainee Locator printout for A-Number 222-570-776