UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTIN GONZALEZ GONZALEZ,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No. 5:26-cv-06081 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Luis Martin Gonzalez Gonzalez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 8.) Petitioner filed a Reply in support of the Petition. (Dkt. No. 9.) For the reasons discussed below, the Petition is granted in part.

## II. FACTUAL BACKGROUND

According to the Petition, Petitioner is a native of Mexico who entered the United States without inspection in 1996. (Dkt. No. 1 at 6.) Petitioner has since resided in the United States and maintained employment at a car wash. (Id. at 7.) On October 7, 2026, Petitioner was arrested by immigration officials as he was driving to work. (Id. at 7-8.) Petitioner has remained in immigration custody. (Id. at 8.) Petitioner alleges that he has not received an initial custody determination or a bond hearing before an immigration judge. (Id. at 8-9.) Petitioner further alleges that he is not a flight risk or danger to the community. (Id. at 9.) Petitioner's removal proceedings are pending, with a master calendar hearing before the immigration court scheduled for November 16, 2026.[1]

## III. SUMMARY OF BRIEFING

Petitioner seeks habeas relief from immigration detention. Specifically, Petitioner alleges the following grounds for relief: (1) a violation of 8 U.S.C. § 1226(a) due to the lack of initial custody determination or bond hearing; (2) a warrantless arrest and failure to make a custody determination in violation of the applicable statute and regulations; and (3) a violation of the due process clause due to the lack of a hearing. (Dkt. No. 1 at 14-17.) Petitioner requests immediate release from immigration custody, an injunction preventing his re-detention absent compliance with applicable statutes and regulations, and, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). (Dkt. No. 1 at 20.) Petitioner also requests declaratory relief. (Id. at 19.)

---

[1] [1] See Fed. R. Evid. 201(b); EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Nov. 3, 2026).

Respondents filed a Response, arguing that Petitioner appears to be entitled to receive an initial bond hearing. (Dkt. No. 8 at 2.) Respondents further argue that Petitioner is properly detained pending a bond proceeding because this is his first detention. (Id. at 2-3.) Respondents also provide a copy of Petitioner's arrest warrant. (Dkt. No. 8-1 at 1.)

Petitioner filed a Traverse, contending that release, as opposed to a bond hearing, is the appropriate remedy. (Dkt. No. 9 at 15.) Petitioner argues that no arrest warrant existed at the time of the arrest. (Id. at 5.) Petitioner also argues that the arrest warrant is unauthenticated and unreliable. (Id. at 6.)

## IV. DISCUSSION

### A. Violation of Petitioner's Procedural Due Process Rights

Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001); Reno v. Flores, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in [removal] proceedings."); Trump v. J.G.G., 604 U.S. 670, 673 (2025) (same). There is no question that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." Demore v. Kim, 538 U.S. 510, 523 (2003). In the expedited removal context, a noncitizen has the "fundamental due process right[]" to receive "notice of the charge" they face and an "opportunity to respond to that charge." United States v. Raya-Vaca, 771 F.3d 1195, 1204 (9th Cir. 2014), abrogated on other grounds by Dep't of Homeland

Sec. v. Thuraissigiam, 591 U.S. 103 (2020). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." United States v. Rivera-Valdes, 157 F.4th 978, 991 (9th Cir. 2025), cert. denied, No. 25-972, 2026 WL 1513330 (U.S. June 1, 2026) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

To determine the procedures to which Petitioner is entitled, the Court applies the three-part balancing test established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). See Yagman v. Garcetti, 852 F.3d 859, 864 (9th Cir. 2017) (citation omitted); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"). Under the Mathews test, courts weigh "(1) the nature of the private interest at stake; (2) the risk of erroneous deprivation and probable value of procedural safeguards; and (3) the government's interests." Vatadi v. Bowen, No. 5:26-cv-00098 MRA (SSC), 2026 WL 712595, at *3 (C.D. Cal. Feb 12, 2026), modified, 2026 WL 530750 (C.D. Cal. Feb. 20, 2026) (citing Mathews, 424 U.S. at 319).

First, the Court considers Petitioner's private interest in remaining out of immigration custody. As a noncitizen residing within the United States, Petitioner is entitled to constitutional due process. See Zadvydas, 533 U.S. at 693. Petitioner has established community ties since his arrival in 1996. (Dkt. No. 1 at 6.) However, Petitioner's liberty interest is diminished because he entered the United States without inspection and was not previously released by immigration officials. (Id.) This circumstance warrants a lessened liberty interest.

As ample district courts have concluded, Petitioner, as a noncitizen who illegally entered the United States and is now detained for the first time, does not have the

strong liberty interest that may be applicable to other noncitizens who have previously been detained and then released by immigration officials. See Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *2 (C.D. Cal. Aug. 20, 2026) (holding that a bond hearing, as opposed to release, is the appropriate remedy when noncitizens enter without inspection and are detained for the first time) (collecting cases); see Fuentes v. Mullin, No. 5:26-CV-01651-KS, 2026 WL 1847436, at *8 (C.D. Cal. June 25, 2026) (same); see also Jimenez Ramirez v. Warden, No. 5:26-CV-02714-CV-RAO, 2026 WL 1658506, at *2 (C.D. Cal. June 5, 2026) (same). Further, his detention under 8 U.S.C. § 1226(a) already offers procedural safeguards, such as an entitlement to an initial custody determination, a bond hearing upon request, and further bond hearings upon a showing of changed circumstances.[2] See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207-09 (9th Cir. 2022) (explaining the process that 8 U.S.C. § 1226(a) detainees are entitled to by statute and implementing regulations). Accordingly, Petitioner establishes a liberty interest in remaining out of immigration custody.

Second, the Court considers the risk of erroneous deprivation. The risk of erroneous deprivation is significant where, as here, Respondents have not alleged that any procedural safeguards, such as an initial custody determination, were employed to determine if Petitioner's detention was justified. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (finding the risk of erroneous deprivation was significant

---

[2] The Ninth Circuit has affirmed that noncitizens like Petitioner who are present without admission and are detained in the interior of the United States are subject to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); but see Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188, at *6 (5th Cir. Oct. 23, 2026) (holding such noncitizens are subject to 8 U.S.C. § 1225(b)(2)(A)).

where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"). However, the risk of erroneous deprivation can be adequately mitigated if Petitioner receives the bond hearing he is entitled to under 8 U.S.C. § 1226(a).

Third, the Court considers the government's interest in Petitioner's detention. The enforcement of the United States's immigration laws is a legitimate government interest. However, civil immigration detention is "nonpunitive in purpose and effect" and is permissible only to serve the purposes of the statute and reduce the risk of flight or danger to the community. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). Custody hearings in immigration court are "routine" and impose only a "minimal" cost. Singh v. Bowen, No. EDCV 25-03034-CAS-PDx, 2025 WL 3251437, at *7 (C.D. Cal. Nov. 21, 2025) (citation modified) (quoting Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025)). Respondents do not have a countervailing interest in detaining Petitioner without providing a bond hearing.

Under Mathews, Petitioner is entitled to a hearing in which his flight risk and danger to the community is evaluated. Further, Petitioner is already entitled to a bond hearing as a detainee under 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026) ("Although DHS makes the initial custody determination, aliens subject to § 1226(a) can seek bond hearings before an immigration judge (IJ) and further review in the Board of Immigration Appeals (BIA).") (citations omitted). Accordingly, Petitioner is entitled to a bond hearing.

**B. Unlawful Arrest**

Petitioner contends that he was illegally detained in violation of applicable statutes and regulations. (Dkt. No. 1 at 15.) The Ninth Circuit has repeatedly held that "defects in an arrest are not cognizable in habeas corpus." Streeter v. Craven, 418 F.2d 273, 274 (9th Cir. 1969) (holding that a defective arrest does not warrant habeas corpus relief from a state conviction); see also Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today."). As long as sufficient ground for present detention is shown, a petitioner should not ordinarily be released for defects in the original arrest. See United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody. . ."); see Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026) (holding an improper arrest did not justify a noncitizen's release because the noncitizen's present detention was authorized by 8 U.S.C. § 1226(a)); see also Hernandez v. Facility Adm'r, No. EDCV 26-3988-DMG (AS), 2026 WL 2525600, at *3 (C.D. Cal. Aug. 26, 2026) (same, but as to a 8 U.S.C. § 1231(a) detainee). For habeas purposes, it is "immaterial" whether a petitioner was taken into custody prior to the issuance of an arrest warrant. Sormunen v. Nagle, 59 F.2d 398 (9th Cir. 1932) (holding a warrantless arrest does not entitle a noncitizen to habeas relief).

Petitioner alleges that he was detained without any warrant or reasonable suspicion. (Dkt. No. 1 at 15.) While Respondents have produced an arrest warrant, Petitioner argues that no arrest warrant existed at the time of the arrest. (Dkt. No. 9 at

5.) The Court need not resolve this factual dispute because the Ninth Circuit has explicitly held that whether a noncitizen was taken into immigration custody prior to the issuance of an arrest warrant is "immaterial" in a writ for habeas corpus. Sormunen, 59 F.2d 398. Further, as discussed above, Petitioner's present detention is authorized by 8 U.S.C. § 1226(a) because he is a noncitizen present without admission. The circumstances of Petitioner's arrest alone do not support habeas relief in this instance given that Petitioner's detention pending removal proceedings is authorized under 8 U.S.C. § 1226(a).[3] See Medina v. Warden, No. 5:26-CV-05034-PA-SK, 2026 WL 2660007, at *1 n.1 (C.D. Cal. Sept. 8, 2026) ("Contrary to the claims in the current petition, the circumstances around petitioner's arrest alone are not enough to justify unconditional release from custody under § 2241.") (citing, among other cases, Wolck v. Weedin, 58 F.2d 928, 930 (9th Cir. 1932)). This ground is denied.

### C. Remedy

In light of the above analysis, the only remaining question before the Court is the appropriate remedy for the procedural due process violation. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). A bond hearing, as opposed to release, is the appropriate remedy when a noncitizen is present without admission and is now detained for the first time under 8

---

[3] As the Court in Mendez emphasized, this "is not to imply that an unlawful arrest is acceptable or condoned—it is only to recognize that release on habeas corpus is not ordinarily the correct remedy for such a defect." 2026 WL 2449572, at *3 n.2 (citations omitted). An improper arrest may entitle Petitioner to remedies in removal proceedings, among other kinds of remedies. See id. (listing potential remedies resulting from an unlawful arrest).

U.S.C. § 1226(a). See Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *2 (C.D. Cal. Aug. 20, 2026) (explaining that a bond hearing "is the remedy which courts—including in this district—have regularly ordered where, as here, the detainee was never previously released on bond or parole but was entitled to receive a detention hearing with an immigration judge.") (collecting cases); see also Qiu v. Semaia, No. 5:26-CV-01079-SK, 2026 WL 1104322, at *2 (C.D. Cal. Apr. 17, 2026) (ordering a bond hearing when a noncitizen entered without inspection and was subsequently detained). Here, Petitioner is entitled to a bond hearing because he is a 8 U.S.C. § 1226(a) detainee who has not previously been released by immigration officials.

## V. CONCLUSION

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Luis Martin Gonzalez Gonzalez (A# 222-570-776) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order; and

3) Judgment shall be entered accordingly.

Dated: November 6, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge